Cheshire County Probate Court
No. 81-210

*In re* ESTATE OF ANTOINETTE E. LEAVY

March 5, 1982

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*Joseph W. Worthen, II*, on the brief and orally), for Andrew M. Johnston.

*Edward J. O'Brien*, of Keene, by brief and orally, for Luella B. McLaughlin.

DOUGLAS, J.   This probate appeal raises the question of whether the rule of construction enunciated in the case of *In re Frolich*

*Estate,* 112 N.H. 320, 326, 295 A.2d 448, 452 (1972), favoring residuary legatees over intestate heirs, should apply to the will in issue. We hold that it does and affirm.

Antoinette E. Leavy executed a will on May 24, 1962, and on the same date her husband, Francis J. Leavy, also executed a will. Each left the entire estate to the survivor. Each will also contained a residuary clause. The residuary clause of Antoinette E. Leavy's will left the residue "to my brother, George R. Hall, of Vero Beach, Florida, and my sister-in-law, Luella B. McLaughlin of . . . New York, in equal shares, share and share alike." The residuary clause of Francis Leavy's will was a mirror image of the residuary clause in his wife's will, leaving the residue to "my sister, Luella B. McLaughlin of . . . New York, and my brother-in-law, George R. Hall, of Vero Beach, Florida, in equal shares, share and share alike."

George R. Hall died in 1975 leaving no lineal descendants. Francis J. Leavy died in 1977, and all of his estate passed to Antoinette. Antoinette E. Leavy died on May 25, 1979. Her will was admitted to probate, and Andrew M. Johnston, her cousin, appeared as her heir. Antoinette E. Leavy's parents are deceased and she left no lineal descendants; therefore, under the law that was in effect at the time the will was executed, any portion of her estate that passes intestate would have been inherited by her various cousins, of whom Andrew W. Johnston is one.

The administrator of the estate of Antoinette E. Leavy duly filed with the probate court a petition for construction of the residuary clause contained in Paragraph Three of Antoinette E. Leavy's will and for instructions regarding distribution of the estate. By decree dated May 14, 1981, the Probate Court (*Espeifs,* J.) held that the rule of construction enunciated in *In re Frolich Estate,* 112 N.H. at 326, 295 A.2d at 452, was controlling in the construction of the residuary bequest in the Antoinette E. Leavy will, and that the residuary bequest to George R. Hall lapsed into the residue. The bequest, therefore. passed to the surviving residuary legatee, Luella B. McLaughlin, Antoinette's sister-in-law.

The probate court found that Antoinette E. Leavy's will became effective on her death, May 25, 1979, and that the law in force at that time applied. The court ruled that the applicable law was set out in the *Frolich* case, which held as follows:

> "[W]e now adopt the rule that the failure of a portion of the residue results in the division of such portion among the remaining residuary legatees in proportion to their relative shares of the residue. *See* Uniform Probate Code

> *s.* 2-606(b). We adopt this rule because it appears to comport most often with the presumed intent of the ordinary testator. As all rules of construction, however, the rule will operate only in the absence of a contrary expression of intent by the testator. This rule is also subject to the anti-lapse statute, RSA 551:12, such that lapsed residual shares will pass to the surviving residuary legatees only when the deceased legatees have left no lineal descendants."

*In re Frolich Estate*, 112 N.H. at 326, 295 A.2d at 452.

Judge Espiefs made the specific finding that the presumption of testacy announced in the *Frolich* case had not been overcome. He further ruled that Luella B. McLaughlin, as surviving residuary legatee, took the share of the predeceased residuary legatee, George R. Hall, and was entitled to the entire residue bequeathed under Antoinette E. Leavy's will. One of Antoinette's cousins, Andrew M. Johnston, appealed the decision.

At the time the will in question was executed in 1962, the law required a lapsed residuary bequest to pass by intestacy and be distributed in accordance with the laws of intestate succession. If this law were applicable, Andrew M. Johnston would inherit.

■■ The construction and effect of a will, however, are ordinarily governed by the law in force when it became effective. *Carter v. Whitcomb*, 74 N.H. 482, 484, 69 A. 779, 781 (1908), and a will becomes effective upon the death of the testator. *Amoskeag &c. Co. v. Dartmouth College*, 89 N.H. 471, 475, 200 A. 786, 789 (1938). Since Antoinette's will became effective on her death on May 25, 1979, the law in force at that time is applicable; therefore, the constructionary rule in *Frolich* applies unless a contrary intent can be discerned. The probate judge found no contrary intent, and we find no error on his part in so concluding.

■■ The constructionary rule in *Frolich* is subject to the "anti-lapse" statute, RSA 551:12. It provides that the heirs in the descending line of legatee or devisee who predeceases the testator will take in the same manner as if the legatee or devisee had lived. The deceased legatee, George Hall, however, had no lineal descendants, and accordingly, the residuary bequest passed to Luella B. McLaughlin, the remaining residuary legatee.

*Affirmed.*

All concurred.